## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| ROBERT WEITZEL, M.D., | **ORDER ON DEFENDANT CHARLENE BARLOW'S MOTION TO DISMISS** |
| Plaintiff(s), | |
| vs. | Case No. 04-CV-115 |
| MELVIN WILSON, et al., | Judge William F. Downes |
| Defendant(s). | |

This matter comes before the Court on Defendant Charlene Barlow's Motion to Dismiss (Docket # 76). The Court, having considered the memorandum in support of the motion[1] and being otherwise fully advised, FINDS and ORDERS as follows:

### FACTS

The following facts are deduced from Plaintiff's Complaint and in some cases are based upon Plaintiff's failure to plead certain necessary facts.

1. Plaintiff generally alleges "a violation of his civil rights pursuant to, *inter alia*, the Due Process Clause of the United States Constitution and pursuant to 42 U.S.C. §§ 1983 and 1988." (Compl. ¶ 1.)

2. Defendant Barlow was one of the attorneys who prosecuted state murder charges against Plaintiff Weitzel. (Compl. ¶ 15.)

---

[1] Plaintiff, proceeding pro se, did not file a response to this motion.

3. Plaintiff essentially alleges that Defendant Barlow caused a criminal information to be filed against him which led to his arrest, despite full knowledge that Plaintiff was not guilty of the crimes charged. *Id*. ¶ 6.

4. A preliminary hearing was held in late January and early February of 2000 which concluded in a finding of probable cause and an order that Plaintiff stand trial on five felony murder charges. *See id.* ¶ 7.

5. Plaintiff further alleges that Barlow and others "failed to divulge" certain exculpatory and impeaching evidence to Plaintiff or his defense counsel during the prosecution of his case. *Id*. ¶ 11.

6. Plaintiff further alleges that Barlow and others gathered medical records as part of the criminal discovery process and provided the records to Plaintiff's counsel as discovery and later introduced the records in the criminal trial. In providing this discovery, Plaintiff alleges Barlow and others "left out three important documents from the medical charts" and "willfully and maliciously conspired to hide the existence of said photographs . . . ." *Id*. ¶¶ 13, 14.

7. Plaintiff alleges that Defendant Barlow falsely and maliciously prosecuted Plaintiff on five counts of murder. *Id*. ¶ 15. Plaintiff further alleges that during the trial Defendant was aware that one of the jurors had perjured himself during *voir dire* examination, and that the same juror had a close relationship with a prosecution witness who was "extremely hostile" to Plaintiff. *Id*. ¶ 16. Plaintiff was convicted of two counts of manslaughter and three counts of negligent homicide. *Id*.

8.  Plaintiff alleges that, following the trial judge's grant of a new trial, Defendant Barlow and others "maliciously re-filed first-degree murder charges . . . despite Plaintiff's acquittal of first-degree murder charges in the first trial . . . ."  *Id*. ¶ 20.

9.  Plaintiff alleges that, despite full knowledge of his lack of guilt, Barlow and others maliciously and falsely continued to prosecute Plaintiff through a second trial, in which he was acquitted of all charges.  *Id*. ¶ 22.

10.  Finally, Plaintiff alleges that Defendant Barlow and others made "false and slanderous statements about Plaintiff to the press, public, and to members of Plaintiff's profession . . . ."  *Id*. ¶ 25.

### STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded factual allegations as true, and all facts and inferences must be construed in the light most favorable to the plaintiff.  Such a motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Montgomery v. City of Ardmore*, 365 F.3d 926, 934 (10th Cir. 2004).  As a pro se litigant, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Id*.

### DISCUSSION

"It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions." *Pfeiffer, M.D. v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); and *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990)).  The Tenth Circuit has also recognized that a prosecutor's withholding of evidence is an action "intimately associated" with the judicial process.  *See Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991).

In this case, Plaintiff's allegations, taken as a whole, infer that Defendant Barlow failed to disclose information and documents in discovery and at trial, and that Barlow persisted in the false and malicious prosecution of Plaintiff.  However, these are the types of decisions that are expressly within the protection of prosecutorial immunity as outlined above.  Therefore, all such claims must be dismissed.  Plaintiff's defamation claim also fails.  The United States Supreme Court has held that "section 1983 imposes liability for violations of rights protected by the constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).  Defamatory statements published by state officials do not give rise to a cause of action for violation of due process under section 1983.  *Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *See also Weiner v. San Diego County*, 210 F.3d 1025, 1032 (9th Cir. 2000).

To the extent Plaintiff attempts to assert a separate state law claim for defamation against these Defendants, it must also be dismissed.  To establish a claim for defamation, Plaintiff must

show that (1) the defendant published the statements allegedly made; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages. *DeBry v. Godbe*, 992 P.2d 979, 982 (Utah 1999).

> Under the law of defamation, false and defamatory statements are not actionable if they are protected by a legal privilege. A number of legal privileges are recognized in circumstances where communication must be wholly open, frank, and unchilled by the possibility of defamation action. This is so even though the reputation of a person may be harmed by such statements. . . .
>
> To establish the judicial proceeding privilege, the statements must be (1) made during or in the course of a judicial proceeding; (2) have some reference to the subject matter of the proceedings; and (3) be made by someone acting in the capacity of judge, juror, witness, litigant, or counsel.

*Id.* at 983 (internal quotations and citations omitted). Plaintiff has failed to allege facts sufficient to show the foregoing elements. Instead, even affording Plaintiff all reasonable inferences, the allegations contained in the complaint indicate that the allegedly false statements complained of were made during the course of the prosecution against Plaintiff by participants in that judicial proceeding. Plaintiff's conclusory allegations simply fail to state a claim upon which relief could be granted. THEREFORE, it is hereby

**ORDERED** that Defendant Charlene Barlow's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is DISMISSED as to this Defendant.

DATED this 18th day of May, 2006.

                                                /s/ William F. Downes
                                                United States District Judge